Randolph vs. Wood & Bro.

Nolan contracted with the State to do certain levee-work in Plaque-mine Parish. His contract contained the provision that he was to be paid solely and exclusively out of such portion of the three-fifths of the levee construction tax payable in 1878 as will remain after the payment of all the outstanding claims for work under contract of the Board of Engineers of date prior to his contract, and he expressly took upon himself the risk of there being any such balance. Another stipulation was that no warrant for his work was to be signed until all the warrants for existing contracts had been paid. He com-pleted his work, and obtained the proper certificates, each of which contained this last proviso about postponement of payment. Upon presentation of them to the Auditor, he refused to warrant for the sums due the contractor, and this *mandamus* was resorted to. The proof was that $136,211.62 of outstanding warrants for work, having precedence of his, were unpaid.

## No. 7230.

### G. W. RANDOLPH vs. B. D. WOOD & BRO.

The owner of riparian lots cannot recover rent of one who has driven piles in the bed of the river, to which barges are occasionally moored, and from the barges coals are wheeled to the shore for delivery. Such temporary use of the bank of the river gives no right of action to the abutting proprietor for rent as compensation for the use of his land.

Randolph *vs.* Wood & Bro.

No claim for damages for obstructing the river channel can be considered when the demand is specifically for rent for use of land abutting the river.

APPEAL from the Sixth District Court of New Orleans. RIGHTOR, J.

*B. Egan* for Plaintiff Appellant. *Rice* for Defendants.

SPENCER, J. Plaintiff alleges that he is the owner of certain lots of ground, fronting on the Mississippi River right bank. That about the 3rd of March, 1874, the defendants, coal merchants of said city, illegally and forcibly took possession of said property, have driven piles along the whole front of said property, to which they moor fleets of coal boats, and use and occupy the land, with lumber and for various purposes. He represents that they are trespassers on said property. He claims from them $100 per month for said use and occupancy until surrendered up and the boats and piles are removed, and that he be recognized as owner and put into possession.

The answer is a general denial of plaintiff's allegations, so far as they charge any indebtedness against defendants. The defendants do not therefore dispute plaintiff's alleged rights of ownership and possession of the lots. The effect of their answer is: 1st. To deny that they occupy or have ever occupied or used plaintiff's lands. 2nd. They claim that their acts in mooring boats in front of said lots are lawful. The facts seem to be that plaintiff's lots lie entirely outside the levee, that in times of high water they are entirely submerged, that defendants have driven four or five piles in the river bed in front of their lots, but outside of the low water line of the river, so that the piles are, in fact, not on plaintiff's land but in the river. The evidence satisfies us that defendants have never made any permanent use or occupancy of any of plaintiff's land. They have put a stage from their coal boats to the shore and occasionally wheeled or hauled coal over the lots in order to deliver to their customers.

The defendants swear that they never have prevented or attempted to prevent anybody from using the banks of the river or from landing boats there. That sometimes they have no boats there, sometimes one, two or three, but never greater numbers. Plaintiff's suit is to recover compensation by way of rent for the use and occupancy of his lands. Defendants have never occupied his lands, except for

the temporary purpose of delivering coal, unloading their boats which are moored to piles driven in the bed of the river at low water. Surely this temporary use of the banks of the Mississippi River cannot be denied to defendants, as the law expressly grants it. C. C. 446.

Whether the defendants have a right to obstruct the use of the channel or banks of the Mississippi River by driving piles in its bed, and mooring boats permanently thereto is a different question, one we are not called upon to decide; for the plaintiff's claim is not one in damages for such obstruction, but for compensation by way of rent for the use and occupancy of his lands.

We think the judgment below is erroneous, in this, that it should have dismissed as of non-suit plaintiff's claim of ownership and possession because defendants neither had nor asserted any adverse right of ownership or possession.

The judgment was correct in rejecting plaintiff's money demands and wrong in condemning defendants to pay costs.

*Judgment amended accordingly.*